GREEN BRAZELTON, Plaintiff in Error, *v.* COLYAR & GARDNER, Defendants in Error.

AGENCY. *Individual liability of government agent.* A government agent can not be held personally liable where the party with whom he deals is aware of such agency, and a promise by a sub-agent to pay when he receives money from his principal will not make him personally liable.

Cases cited: Amison & Davy *v.* Ewing, 2 Cold., 367; Story on Agency §§ 302 and 304.

---
FROM FRANKLIN.
---

Appeal from the Circuit Court. WM. P. HICK-ERSON, Judge.

J. J. WILLIAMS for Brazelton.

J. B. FITZPATRICK for Colyar & Gardner.

BURTON, Special J., delivered the opinion of the Court.

The plaintiff in error sued the defendants in error in the Circuit Court of Franklin County, to recover $1,100, the value of a lot of hogs sold, as he alleges, to defendants. The defense relied upon was that they (the defendants) were the agents of the Confederate Government in making the purchase; that they contracted with the plaintiff in that character, and insist that they therefore are not responsible to the plaintiff for the value of the hogs. The verdict and judgment of the Court below were against the plaintiff, and he has appealed to this Court.

The error assigned is in the charge of the Court,

and, to the proper understanding of this objection, it is proper to give a very concise statement of part of the evidence. John G. Brazelton bought the hogs for the defendants; he had frequent conversations with plaintiff, both before and after the trade, about defendants being agents of the Confederate Government, and it was well known to plaintiff that they were such agents.

The plaintiff, on examination, proves that he delivered the hogs to the defendants, and they told him they would pay him when they got the money from Cummings, for whom they purchased. E. F. Colyar (one of the defendants) proves that he bought the hogs for the Confederate Government; that plaintiff knew of this fact; that he was acting as agent for Cummings, the General Commissary for the Confederate Government; admits that he told plaintiff he would pay him for the hogs when the money was received from Cummings, but says that he never did get the money from Cummings; he admits that he gave no voucher to the plaintiff, but says further that the plaintiff asked him for none.

The error in the charge insisted on is contained in this clause: "If you shall believe from the evidence that defendants acted as agents of the Government, or as agents of Cummings, and that the contract was that defendants were to pay for the hogs whenever they received the money from Cummings, their principal (if he was such), then the defendants

would not be liable unless they received the money from Cummings."

It is insisted for the plaintiff that the promise of the defendants to pay when they got the money from Cummings was a personal obligation, and that they were bound to pay at all events, whether they got the money of him or not.

In Story on Agency it is said that in the ordinary course of things an agent contracting on behalf of the government, or of the public, is not personally bound by such a contract, even though he would be by the terms of the contract if it were a private agency; the reason given being that it is not to be presumed either that the agent means to bind himself personally in acting as a functionary of the government, or that the party dealing with him as a public agent means to rely upon his individual responsibility.

In the further discussion of the subject it is said that the same principle applies to cases where public officers, contracting for a public purpose, afterwards, upon settlement of accounts with the other contracting party, strike a balance, and in writing promise to pay the balance on a given day, signing their names officially, for such a written document is quite consistent with an intention not to incur any personal responsibility, but merely to apply the public funds which might be in their hands at the time prescribed towards the discharge of the public debt. Story on

Agency, §§ 302 and 304; *Amison & Davy* v. *Ewing,* 2 Cold., 267, is to the same effect.

We think the foregoing principles are applicable to this case. The promise to pay when funds came from Cummings (the commissary of the army) being equivalent to a promise to pay out of public funds, and repelling the idea that the defendants meant to incur a personal liability. The matter of fact being known to plaintiff when he sold and delivered the hogs that defendants were acting for Cummings, who he further knew was purchasing commissary, he must have meant to deal with them as public agents, and could not construe their promise into a personal engagement to pay. We think the instructions of his Honor, the Circuit Judge, are in accordance with these principles. We find no error in the record and the judgment is affirmed.